IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| EWA J. CARBONE (GRYCIUK), ) | | |
| ) | | |
| Plaintiff, ) | 2:09-cv-03031-GEB-KJM | |
| ) | | |
| v. ) | ORDER DISMISSING PLAINTIFF'S | |
| ) | FEDERAL CLAIMS AND DECLINING | |
| INDYMAC FEDERAL BANK; ) | EXERCISE OF SUPPLEMENTAL | |
| MORTGAGEIT INC.; MTC FINANCIAL ) | JURISDICTION OVER PLAINTIFF'S | |
| INC. dba TRUSTEE CORPS; ONEWEST ) | STATE CLAIMS[*] | |
| BANK; CANYON CAPITAL FUNDING; ) | | |
| BRYAN TULLY, and DOES 1-20, ) | | |
| inclusive, ) | | |
| ) | | |
| Defendants. ) | | |

On February 15, 2010 Plaintiff filed a statement of non-opposition to Defendant MortgageIT Inc.'s ("MortgageIT") pending motion to dismiss. Plaintiff states in her statement of non-opposition that she "does not oppose" dismissal of the following claims in her First Amended Complaint ("FAC"): her "Ninth (9th) Cause of Action for Violation of the Truth in Lending Act[,]" her "Eighth (8th) Cause of Action for Violation of the Real Estate Settlement Procedures Act ("RESPA")[,]" and her "Second (2nd) Cause of Action for Breach of Fiduciary Duty""in so far as it relates to Defendant MortgageIT only." (Non-Opp'n 1:26-2:6). Further, Plaintiff "requests that [her] TILA (Count 9 of the FAC) and RESPA (Count 8 of the FAC) causes of action be dismissed *against all defendant without prejudice*;

---

[*] This matter is deemed to be suitable for decision without oral argument. E.D. Cal. R. 230(g).

1

and . . . that [her claim for] breach of fiduciary duty (Count 2 of the FAC). . . . be dismissed against *defendant MortgageIT only without prejudice.*"  (Id. 2:6-11)(emphasis in original).  Therefore, and pursuant to Plaintiff's statement of non-opposition, Plaintiff's TILA and RESPA claims are dismissed without prejudice, and Plaintiff's claim for breach of fiduciary duty against defendant MortgageIT is dismissed without prejudice.

Since this dismissal terminates all federal claims in Plaintiff's FAC, the Court decides whether it will exercise supplemental jurisdiction over Plaintiff's state claims.  Under 28 U.S.C. § 1367(c)(3), a district court "may decline to exercise supplemental jurisdiction over a [state] claim" if "all claims over which it has original jurisdiction" have been dismissed.  "While discretion to decline . . . supplemental jurisdiction over state law claims is triggered by the presence of one of the conditions in § 1367(c), it is informed by the . . . values of economy, convenience, fairness and comity" as delineated by the Supreme Court in United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966).  Acri v. Varian Assocs., Inc., 114 F.3d 999, 1001 (9th Cir. 1997) (en banc).

"Since state courts have the primary responsibility to develop and apply state law, . . . the Gibbs values do not favor exercise of supplemental jurisdiction over [Plaintiffs'] state claims . . . ."  Anderson v. Countrywide Fin., No. 2:08-cv-01220-GEB-GGH, 2009 WL 3368444, at *5 (E.D. Cal. Oct. 19, 2009); see also Acri, 114 F.3d at 1001 (stating that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors will point towards declining to exercise jurisdiction over the remaining state-law claims (internal quotations and citations omitted)).  Therefore,

1  Plaintiff's remaining state law claims are dismissed without prejudice
2  under 28 U.S.C. § 1367(c)(3).

3  Dated:  February 18, 2010

```
                                 _____
                                 GARLAND E. BURRELL, JR.
                                 United States District Judge
```